UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIM HEAVENER,

       Plaintiff,

v

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

_____/

Case No: 1:09-cv-493

HON. JANET T. NEFF

**OPINION AND ORDER**

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration, after remand, to deny disability insurance benefits. 42 U.S.C. § 405(g). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation, recommending that this Court affirm the Commissioner's decision. The matter is presently before the Court on plaintiff's two objections to the Report and Recommendation. Defendant did not file a response to the objections. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which plaintiff objects. The Court denies the objections and enters this Opinion and Order.

I

In her first objection, plaintiff argues that the Magistrate Judge incorrectly frames the issue regarding the weight to be afforded the treating source opinion of Edward Hatt, M.D. Plaintiff argues that the Magistrate Judge erred in (1) concluding that the Administrative Law Judge (ALJ) complied with this Court's remand order; (2) making independent findings of fact rather than simply

reviewing the rationale of the ALJ's decision; and (3) permitting the ALJ's decision to stand when the decision flatly violates the six-factor procedure for evaluating treating source opinions, 20 C.F.R. § 404.1527(d) (Dkt 15 at 2-6).

Plaintiff's objection is without merit.

In the ALJ's first opinion in this case, the ALJ did not discuss or assign any weight to Dr. Hatt's opinion, and this Court remanded the matter to the ALJ to "re-evaluate Dr. Hatt's opinions regarding plaintiff's medication side effects and her ability to work on a consistent basis throughout an 8-hour day" (Transcript of Administrative Proceedings [Tr.] 680-81). On remand, the ALJ discussed Dr. Hatt's treatment and carefully considered the opinions Dr. Hatt expressed (Tr. 666). Hence, the Magistrate Judge did not err in concluding that the ALJ complied with this Court's remand order (Dkt 14 at 21).

Further, the Magistrate Judge properly reviewed the ALJ's decision in light of the applicable standards and authority (Dkt 14 at 22-23). Specifically, the ALJ complied with the procedural requirement of providing "good reasons" for the weight he accorded to Dr. Hatt's opinion (Tr. 666). *See Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406-07 (6th Cir. 2009); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). The Magistrate Judge delineated these reasons and properly determined that the ALJ had offered a reasonable basis for how he reconciled the evidentiary conflicts in the medical evidence of record. *See Bass v. McMahon*, 499 F.3d 506, 512 (6th Cir. 2007) ("*Wilson* requires reversal when a treating physician's opinion was ignored and no reasons for doing so were provided. . . . That is not the case we have here.").

II

Second, plaintiff objects to the Magistrate Judge's recommendation to affirm the ALJ's determination that her testimony was not credible (Dkt 15 at 7). Plaintiff contends that the ALJ failed to identify, much less analyze, any of the credibility factors required by 20 C.F.R. § 1529 (*id.*). Plaintiff complains that the Magistrate Judge "never discusses the assertion by Ms. Heavener that the Decision completely failed to evaluate Mr. [sic] Heavener's credibility" (*id.*).

Plaintiff's objection is without merit.

As observed by the Magistrate Judge, the ALJ examined the record and concluded that plaintiff's subjective allegations of pain and limitation were inconsistent with not only the extensive medical record but also her reported activities (Dkt 14 at 24-25; Tr. 665-66). The ALJ determined that plaintiff's medically determinable impairments "could reasonably be expected to cause pain and discomfort; however, [her] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with [her] residual functioning capacity assessment" (Tr. 666).

"It is for the [Commissioner], not a reviewing court, to make credibility findings." *Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994). "If an ALJ rejects a claimant's testimony as incredible, he must clearly state his reasons for doing so." *Id.* Where the ALJ provided clear reasons for his credibility determination and the determination was supported by substantial evidence, the Magistrate Judge did not err in accepting the ALJ's determination that plaintiff's testimony was not credible.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkt 15) are DENIED, the Report and Recommendation of the Magistrate Judge (Dkt 14) is APPROVED and ADOPTED as the Opinion of the Court, and the decision of the Commissioner of Social Security is AFFIRMED.

A Judgment will be entered consistent with this Opinion and Order.


Dated: September 24, 2010 /s/ Janet T. Neff
JANET T. NEFF
United States District Judge